**Narciso QUIMEN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,** **Respondent,**

No. 04–3148.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

---

Before NEWMAN, MICHEL, and BRYSON, Circuit Judges.

PER CURIAM.

Mr. Narciso Quimen appeals the decision of the Merit Systems Protection Board,[1] affirming the denial of his application for a deferred annuity under the Civil Service Retirement System (CSRS). We *affirm* the Board's decision.

## BACKGROUND

Mr. Quimen was employed as a carpenter by the United States Navy in the Philippines in a series of temporary and indefinite appointments between 1954 and 1988. The dates of these appointments are as follows: from March 26, 1954 to July 31, 1954 (temporary); September 9, 1954 to January 1, 1956 (temporary converted to indefinite); June 10, 1957 to October 11, 1957 (indefinite); June 13, 1958 to June 27, 1958 (temporary); July 15, 1958 to February 27, 1959 (temporary); March 2, 1959 to September 6, 1969 (temporary converted to indefinite); January 24, 1984 to July 27, 1984 (temporary); October 22, 1984 to June 7, 1985 (appointment "not otherwise specified"); October 7, 1985 to May 16, 1986 (temporary); December 2, 1986 to September 29, 1988 (temporary).

The last appointment was converted to an excepted appointment on September 29, 1988. Mr. Quimen states that this final appointment qualified him for a retirement annuity, and that it was due to clerical error that retirement contributions were not withheld from his pay. The Notification of Personnel Action, Form SF–50, which documented the conversion to excepted appointment on September 29, 1988, did not designate a termination of the appointment. The Form includes the designation "Pos. Sts. P"; Mr. Quimen states that the "P" means "permanent." Box 8 of the SF–50, entitled "Retirement," contains the number 5. The 1988 form does not indicate what 5 means, but other SF–50 forms for Mr. Quimen define 5 as "other" than "CS" or "FS" or "FICA." Box 15, titled "annuitant indicator," was marked "not applicable."

The OPM held, and the Board affirmed, that these designations all show that Mr. Quimen was not subject to the Civil Service Retirement Act (CSRA).

## DISCUSSION

We review the Board's decision to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c)(1),(2). When the decision rests

---

1. *Quimen v. Office of Personnel Management*, No. SE0831030005–I–1, 95 M.S.P.R. 433 (M.S.P.B. Jan.13, 2003).

on findings of fact, those findings are accepted unless they are not supported by substantial evidence. 5 U.S.C. §§ 7703(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed.Cir.1990).

To be eligible for an annuity under the CSRS, an employee must have completed at least five years of creditable service with at least one year of covered service in the final two years of employment. See 5 U.S.C. §§ 8333(a) and (b). *See Rosete v. Office of Personnel Management,* 48 F.3d 514, 516 (Fed.Cir.1995). It is not disputed that Mr. Quimen's service is "creditable." The Board held that it was not "covered."

Mr. Quimen states that his appointment on September 29, 1988 was an excepted appointment with permanent position status. However, neither excepted nor permanent appointments are covered by the CSRA when the official document of the appointment shows that they are not covered, that is, that retirement is not subject to the Civil Service or other United States plan.

The Board pointed out that Mr. Quimen received 19 months' retirement pay in accordance with the agreement with the Filipino Employment Personnel Instructions, and that it was understood that such employees were not subject to the CSRA. *See Rosete,* 48 F.3d at 520. Mr. Quimen argues that these plans are not exclusive, that he is entitled to an annuity as a permanent employee, and that it was administrative error that no payroll deductions were taken.

The SF–50 statement that retirement was "other" than under the CSRS and other federal systems was explicit. There were no retirement contributions. The status "P" does not render the position

"covered" by the CSRA when such coverage was excluded on the SF–50.

We have considered all of Mr. Quimen's arguments, but he has not shown error in the Board's decision.